UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 4:06-CR-4 |
| | ) |
| | ) Chief Judge Collier |
| CHRIS ROBINSON | ) |
| | ) |

# MEMORANDUM & ORDER

Before the Court is a motion in limine (Court File No. 245) filed by Defendant Chris Robinson ("Defendant") seeking to exclude any evidence introduced by a co-conspirator, particularly any written documentation. Defendant bases his motion in limine on Federal Rule of Evidence 403 ("Rule 403") and argues the written statement should be excluded because of its prejudicial nature. The government has not filed a response to the motion. For the reasons set forth more completely herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." "The prejudice to be weighed is the *unfair* prejudice caused by admission of the evidence. Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006).

At issue in this motion is a communication between Defendant and a co-defendant, Juan Valentin, while in jail. The statements made by Defendant are admissible as an admission by party-opponent. *See generally* Fed. Rule Ev. 801(d)(2)(A); *United States v. Payne*, 437 F.3d 540, 547 (6th

Cir. 2006). As an admission, the written statement certainly has probative value to the issues in this case and that probative value is not substantially outweighed by unfair prejudice. Thus, the written statement made by Defendant is admissible. The portion of the communication written by co-defendant Valentin, however, cannot be characterized as an admission. After reading the contents of both writings, the Court finds the contents of the Valentin communication are not necessary to understand the context of Defendant's communication. As such, the part of the communication written by co-defendant Valentin is inadmissible. However, the Court will give the government the opportunity to argue the admissibility of co-defendant Valentin's communication at trial.

Therefore, the Court **GRANTS IN PART** Defendant's motion in limine in so far as the above analysis finds co-defendant Valentin's written communication inadmissable and **DENIES** the remainder of Defendant's motion in limine as it pertains to Defendant's written communication.

**SO ORDERED**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**